UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS CHRISTOPHER GROUP,
INC.,

    Plaintiff,

v.                                            CASE NO.: 8:15-CV-992-T-17EAJ

RUBEN MORENO,
CHRISTOPHER RIOS, and
NANCY ESTEP,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT NANCY ESTEP'S MOTION TO DISMISS/ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

This matter comes to the Court pursuant to Defendant's, NANCY ESTEP ("Defendant"), Motion to Dismiss or in the Alternative Motion for More Definite Statement, (Doc. # 7), filed May 26, 2015, and Plaintiff's Response in Opposition, (Doc. # 12), filed June 9, 2015. For the reasons that follow below, Defendants' Motion is **GRANTED IN PART**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a Plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitle[ment] to relief

1

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney General for Florida*, 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Association v. Cigna Corporation*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. *Id.* "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).

## BACKGROUND

Plaintiff is a corporation specializing in the search and recruitment of corporate executives, and has developed several systems to perform these services: Christopher Business Systems ("CBS 5.0"), Christopher People Systems ("CPS"), Christopher Marketing Systems ("CMS"), Christopher Accounting Systems ("CAS"), and Christopher Facilities Systems ("CFS"). (Doc. # 1). Plaintiff also developed a confidential database ("Candidate Warehouse")

of established executive candidates. (Doc. # 1). Sometime between August and September of 2006, Plaintiff employed Defendant Ruben Moreno, and sometime between August and October of 2009, Plaintiff employed Defendant Christopher Rios, as executive recruiters. (Doc. # 1). Plaintiff hired Defendant Ruben Moreno who was a recently convicted felon who pled guilty to defrauding AutoNation and AOL through wire fraud. (Doc. # 1).

In 2003, Plaintiff entered into negotiations with Defendant Nancy Estep to acquire her employer, "Fran Staff." (Doc. # 1). The negotiations reached an advanced stage, but ultimately fell through. (Doc. # 1). On September 13, 2013, Defendants Ruben Moreno and Christopher Rios resigned; their last day with Plaintiff was on October 11, 2013. (Doc. # 1). After Defendants' departure, Plaintiff conducted an investigation. (Doc. # 1). The investigation revealed Defendants Ruben Moreno and Christopher Rios "accessed [Plaintiff's] computer servers without authority to do so," and "stole Plaintiff's proprietary systems, tools and processes by externally recording files and data." (Doc. # 1). Defendants Nancy Estep and Ruben Moreno formed Sterling Global Executive Search, LLC ("Sterling"), an executive recruiting company, on or about September 17, 2013. (Doc. # 1).

## DISCUSSION

### A. Factual Sufficiency of Plaintiff's Complaint

This Court must accept the factual allegations as true and construe them in a light most favorable to the Plaintiff. *See Alvarez v. Attorney General for Florida*, 679 F.3d 1257, 1261 (11th Cir. 2012). Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has sufficiently pled factual allegations upon which relief is plausible to survive Defendant's Motion to Dismiss. *American Dental Association*, 605 F.3d at 1290.

## I. Count II: Violation of Racketeer Influenced and Corrupt Organizations Act

The Racketeer Influenced and Corrupt Organizations Act ("RICO Act") makes it:

> [U]nlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). To establish a federal civil RICO violation under 18 U.S.C. § 1962(a), Plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through pattern (4) of racketeering activity. *See Williams v. Mohawk Industry, Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (citations omitted). In addition, Plaintiff must also satisfy the requirements of 18 U.S.C. § 1964(c) by showing "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Id.*

Defendants Ruben Moreno and Christopher Rios have been dismissed from theses causes of action by order dated July 6, 2015. Because the claims involving Defendant Nancy Estep are tied to Defendants, Defendants will be mentioned in the following analysis. Here, Plaintiff alleges Defendant Nancy Estep and Defendants Ruben Moreno and Christopher Rios have conspired to use embezzled funds to create or operate Sterling. (Doc. # 1). Plaintiff alleges Sterling constitutes an "enterprise" under Section 1962(a). (Doc. # 1). As for the pattern of racketeering activity, Plaintiff points to Defendant Ruben Moreno's two separate incidents of embezzlement ("Moreno . . . derived income from AutoNation and . . . AOL . . . through a pattern of racketeering activity . . . ."). (Doc. # 1). Lastly, Plaintiff alleges injury to business caused by Defendant's RICO conspiracy: "TCG [Plaintiff] has lost clients and TCG's revenues

have decreased between $300,000.00 and $400,000.00 quarterly." (Doc. # 1). Plaintiff has pled sufficient factual allegations upon which relief for Count II is plausible.

### I. Count III: Violation of Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act ("CFAA") punishes whoever:

> (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--
> (C) information from any protected computer;
> (4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;
> (5)(A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
>  (B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
>  (C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

To succeed in a civil CFAA claim, Plaintiff must prove the "amount of loss, plus the elements of the particular subsection of the CFAA under which the plaintiff brings suit." *See Aquent LLC v. Stapleton*, Case No. 6:13–cv–1889–Orl–28DAB, 2014 WL 5780293, at *2 (M.D. Fla. Nov. 5, 2014). Plaintiff has not pled sufficient factual allegations showing Defendant Nancy Estep's "intentional access" of a computer. Instead, Plaintiff alleges Defendants Ruben Moreno and Christopher Rios "accessed" Plaintiff's computer servers at the request of Estep. Plaintiff notes the Eleventh Circuit interprets "access" under the CFAA broadly, but the Court cannot find controlling case law to support a definition of "access" based on an agency theory.

### B. Alternative Motion for More Definite Statement

5

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "The motion . . . must point out the defects complained of and the details desired." *Id.* A "shotgun pleading" typically "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *See Wittbold v. Miami-Dade County*, No. 11–21922–Civ, 2013 WL 3280039, at *5 (S.D. Fla. June 27, 2013) (citing *Strategic Income Fund, LLC v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). "Shotgun pleadings are inconsistent with the requirement of the Federal Rule of Civil Procedure 8(a) that a pleading be a 'short and plain statement of the claim.'" *Id.* "Furthermore, this type of pleading disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *See id.* at *5 (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

Plaintiff's Complaint is a shotgun pleading. In Count III of the Complaint, Plaintiff "restates and realleges" seventy-three preceding paragraphs "as if fully rewritten herein." (Doc. # 1). Consequently, Count III contains irrelevant factual allegations; for example, six paragraphs are factual allegations of Defendant Ruben Moreno's criminal history, which have no bearing on Plaintiff's CFAA claim against Defendant Nancy Estep. (Doc. # 1). Accordingly, it is

**ORDERED** that:

(1) Plaintiff's Motion to Dismiss is **DENIED** with respect to Count II;
(2) Plaintiff's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** with respect to Count III with leave to amend; and
(3) Plaintiff's Alternative Motion for a More Definite Statement is **GRANTED** with respect to Count III. Plaintiff has ten days from this date to amend its complaint against Nancy Estep as set out in this order and include a more definite statement as to Count III.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of JULY, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record