**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION**

THOMAS CHRISTOPHER GROUP, INC.,

    Plaintiff,

vs.                                       CASE NO.  8:15-CIV-992-EAK-EAJ

RUBEN MORENO, CHRISTOPHER
RIOS, and NANCY ESTEP,

    Defendants
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

    This cause is before the Court on Defendant, Thomas Christopher Group, Inc.'s (Group), motion to dismiss complaint (Doc. No. 22) and response thereto (Doc. 23).  The Court previously dismissed Christopher Rios and Ruben Moreno from this cause of action with prejudice (Doc. 15) and, as to Nancy Estep, granted in part a motion to dismiss Count III of the complaint with leave to file an amended complaint. (Doc. 17).

**STANDARD OF REVIEW**

    Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The amended complaint states claims against Rios and Moreno. The Plaintiffs state that they filed the amended complaint with Moreno and Rios included to preserve appeal rights but have no objection now to those claims being stricken. Therefore, all claims against the Defendants Ruben Moreno and Christopher Rios are stricken from the amended complaint. So that portion of the motion to dismiss is granted.

The remaining issue in the motion is whether or not the Computer Fraud and

Abuse Act ("CAA") count, Count III, as to Nancy Estep has been amended sufficiently to survive the motion to dismiss. The Court has reviewed the amended complaint and finds that its is sufficient to survive the motion to dismiss.  The Court taking all the allegations as a whole and as true as alleged, finds it appropriate to deny the motion to dismiss.  This case will proceed therefore on the allegations as to Nancy Estep only.   Accordingly, it is

**ORDERED** that the motion to dismiss (Docket No. 22) be **granted**  in part and denied in part.  The Clerk of Court is directed to terminate Ruben Moreno and Christopher Rios from this cause of action.  The Defendant Nancy Estep shall have up to and including September 25, 2015, in which to answer the amended complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 16th day of September, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record